IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HANSEL : | |
| 3030 Church Road : | |
| Lafayette Hill, PA 19444, : | |
|     Plaintiff : | |
|   v. : | |
| : | |
| AETNA LIFE INSURANCE CO. : | |
| 151 Farmington Ave. : | |
| Hartford, CT 06156 : | |
| : | |
|     and : | Civil Action No. |
| : | |
| LINCOLN NATIONAL LIFE INS. CO. : | |
| 8801 Indian Hills Drive : | |
| Omaha, NE 68114, : | |
|     Defendants : | |

## COMPLAINT

A. <u>PARTIES</u>

1) Plaintiff, William Hansel ("Hansel") is an adult individual residing at all times relevant at 3030 Church Road, Lafayette Hill, PA 19444. Hansel is a "participant" in and "beneficiary" of employee welfare benefit plans within the meaning of ERISA, 29 U.S.C. §§ 1002(7), 1002(8).

2) Defendant, Lincoln Financial Group ("Lincoln") sponsors an "employee welfare benefits plan" within the meaning of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002(2)(1) and 1003(a)(1). This plan was offered to employees of Anexinet Corporation ("Anexinet"), Plaintiff's employer.

3) Defendant, Aetna Life Insurance Co. ("Aetna") sponsors an "employee benefits plan" within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. § 1002(1) and 1003(a)(1). This plan was offered to employees of Anexinet, Plaintiff's employer.

B. <u>JURISDICTION AND VENUE</u>

    4) This Court has original jurisdiction under 28 U.S.C. § 1331 and pursuant to 29 U.S.C. § 1132 (e)(1).

    5) Hansel has standing to bring this cause of action pursuant to 29 U.S.C. § 1132 (a)(1)(B) and  29 U.S.C. § 1132 (a)(3).

    6) Venue is proper in this Court pursuant to 29 U.S.C. § 1132 (e)(2) as the Plans are administered  in this District, and the breaches occurred in the Eastern District of Pennsylvania.

C. <u>NATURE OF CASE</u>

    7) Hansel at all time relevant to this Complaint was an employee of Anexinet Corporation located at 4 Sentry Parkway, Suite 300, Blue Bell, PA 19422.

    8) Anexinet is a systems integration and technology management company. The company specializes in application development, business intelligence, infrastructure, mobility, project management, cloud hosting, and managed service solutions.

    9) Hansel was employed as a Software Engineer for Anexinet from December 1, 2015 until mid-2016 as a Software Architect and Engineer.

    10) Hansel's job included researching, designing and developing software systems, and analyzing software requirements to determine feasibility of design and cost.

    11) Anexinet provided its eligible employees with group short term disability (STD) and long term disability (LTD) benefits.   Those benefits constitute group welfare benefits under ERISA.

12) At the time of his employment and until February 29, 2016, Lincoln National Life Insurance Company ("Lincoln") was the short term disability and long term disability benefit provider for Anexinet.

13) Anexinet terminated its policies with Lincoln on February 29, 2016.

14) Anexinet began offering its employees STD and LTD benefits through Aetna Life Insurance Company ("Aetna"), effective March 1, 2016, leaving the employees with no gap in benefit coverage.

15) Hansel was a participant and beneficiary of the Lincoln STD and LTD plans while employed at Anexinet.

16) Hansel was a participant and beneficiary of the Aetna STD and LTD plans while employed at Anexinet.

17) On or about February 26, 2016, Hansel went out of work with severe anxiety and depression, and exacerbation of his bi-polar disorder.  Hansel was non-functional to the point of not being able to leave his home.

18) The bi-polar disorder leads to alcohol dependence and abuse as part of the cycle of this illness.

19) The bi-polar results in multiple episodes of mania, depression, anxiety and alcohol abuse.

20) The condition also causes abnormal or psychotic thought processes, panic attacks and requires ongoing medical care, treatment, supervision and medication to manage the condition. The Plaintiff has suffered from this condition for many years, and has been undergoing medical treatment and care for the same.

21) On or about March 4, 2016, Hansel was admitted to the Malvern Institute for treatment, as a result of his inability to manage his disability and medical condition.

22) Hansel has been in ongoing care with Dr. Sonya Knight to manage this complex disability.

23) Due to the worsening of his condition, Hansel has been unable to return to work since February 25, 2016.

24) As a result of this disability, Hansel applied for and was awarded Social Security Disability benefits.

25) Hansel made application to Aetna on March 4, 2016 for STD benefits as a result of his disability, listing February 26, 2016 as his first day of missed work.

26) On May 27, 2016, Aetna denied his claim claiming 1) lack of elimination period; yet 2) "however upon further review the records indicate that the Anexinet Corporation Short Term Disability policy became effective with Aetna on March 1, 2016. Therefore you are not eligible for benefit consideration since at the time your absence commenced, your Plan was not in effect." Further, that "a benefit will not be payable under the Aetna plan as to any period of disability covered under a prior plan."

27) It is apparent that Aetna construed the date of disability to be February 26, 2016, prior to the March 1, 2016 effective date of the Anexinet Plan.

28) Hansel made application to Lincoln on March 17, 2016 for STD benefits, listing February 26, 2016 as his first day of missed work.

29) On March 24, 2016, Lincoln denied the STD claim since the Lincoln plan terminated on the last day of February, 2016 and therefore claimed that coverage was not in effect.

30) Hansel appealed the determination made by Lincoln that he was not eligible for benefits.

31) On August 8, 2016, Lincoln upheld its determination to deny benefits, based on both a faulty medical review and an "eligibility" determination.

32) Lincoln determined that since he there were no treatment records prior to March 4, 2016, when he was admitted to Malvern Institute, he was not "disabled" in February when the Lincoln policy was in effect.

33) Further, Lincoln determined against all medical evidence of ongoing severe uncontrolled bipolar disorder, decompensation, anxiety, depression, panic attacks, alcohol dependency and inpatient treatment that he was perfectly fine to function as a Software Engineer, and therefore was not disabled.

34) Lincoln also referred to Hansel has having a single manic episode, which is not supported by medical evidence.

35) Lincoln made this evaluation, without any interviews with Hansel, his wife, his doctor, the Malvern Institute or any other care provider. Lincoln made this determination without an independent medical examination of any sort, and did not send Hansel for an IME.

36) Lincoln also failed to correctly construe the definition for disability in its plan.

37) The participant meets the qualification under the plan upon 1) being "disabled" within the meaning of the policy (which Lincoln admits was true); 2) under the Regular Care of a Physician; and 3) submits proof of continued disability.

38) The policy does not state that a participant must see a care provider on the first day of any claimed disability.

39) Lincoln has arbitrarily decided since Malvern did not admit him until March 4, 2016, that Plaintiff was not disabled until then.   In reality, he was on medication and in treatment with physicians since 2013, and on March 2, 2016, Mrs. Hansel made a phone call to his doctor for assistance.

40) Hansel is a "participant" in the Lincoln and Aetna Plans within the meaning of ERISA, 29 U.S.C. § 1002(7) and a "beneficiary" of the Lincoln and Aetna Plans within the meaning of ERISA, 29 U.S.C. § 1002(8).

41) Hansel has exhausted his administrative remedies for the STD Plans.

42) Due to the denial of STD coverage, both the Lincoln and Aetna have interfered with Plaintiff's ability to apply for LTD benefits under either Plan.

43) Further administrative action on the Lincoln LTD Plan would be futile.

44) Further administrative action on the Aetna LTD Plan would be futile.

45) In his last year of employment, Plaintiff had an annualized salary of approximately $130,000.

46) At all times relevant, and despite repeated requests from the Plaintiff, Aetna and Lincoln refused to provide benefits to a participant under their Plans.

47) Plaintiff continues to be disabled and qualifies for both STD and LTD benefits.

48) Aetna was arbitrary and capricious in its decision to deny benefits to Plaintiff.

49) Lincoln was arbitrary and capricious in its decision to deny benefits to Plaintiff.

50) As a result of ongoing actions of the Defendants, the Plaintiff has suffered harm.

<u>COUNT I- 29 U.S.C. 1132(a)(1)(B) – DEFENDANT AETNA</u>

51) Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1 through 50, above.

52) Plaintiff was a beneficiary and participant in the Aetna STD and LTD Plans who has made a claim for benefits under the STD Plan.

53) Plaintiff suffers from a disability at all times relevant and ongoing.

54) Plaintiff has not been able to work since February 25, 2016, which was his last day worked.

55) Plaintiff suffers from complications related to severe bipolar disorder, which has been unable to be managed and has kept him from working.

56) Plaintiff's illness constitutes a disability under the Aetna Plan.

57) Plaintiff continued in employment at Anexinet after March 1, 2016, when the Aetna Plans went into effect.

58) Aetna wrongfully denied benefits to Plaintiff deeming him ineligible since his last day worked was February 25, 2016, however he continued to be disabled beyond the effective date.

59) Plaintiff suffers from a long term disability and is entitled to the LTD benefits under the Aetna Plan.

60) Defendant's actions are in violation of ERISA 29 U.S.C. § 1132(a)(1)(B).

61) Plaintiff has suffered the denial of STD and LTD benefits due to the arbitrary and capricious actions of the Aetna Plan and its Plan Administrators.

62) Plaintiff has exhausted all internal remedies which at this point are futile.

63) As a result of the actions of the Defendant, Plaintiff has suffered harm.

WHEREFORE, the Plaintiff requests that this Court enter an Order for Judgment against the Defendants as follows:

a)  all STD benefits payable under the Aetna Plan;

    b) all LTD benefits payable under the Aetna Plan from the expiration of the STD plan until the date of any Order entered in this case;
    c) for attorney's fees and costs;
    d) for a declaration of future rights under the Aetna LTD Plan;
    e) for any other legal and equitable remedies as the court deems necessary and proper.

## COUNT II- 29 U.S.C. § 1132 (a)(1)(B)- DEFENDANT LINCOLN

64) Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1 through 63, above.

65) Plaintiff was a beneficiary and participant in the Lincoln STD and LTD Plans and has made a claim for benefits under the STD Plan.

66) Plaintiff suffers from a disability at all times relevant and ongoing.

67) Plaintiff has not been able to work since February 25, 2016, which was his last day worked.

68) Plaintiff suffers from complications related to severe bipolar disorder, which has been unable to be managed and has kept him from working.

69) Plaintiff's illness constitutes a disability under the Lincoln Plan.

70) The Plan was in effect on February 25, 2016, Plaintiff's last day worked.

71) Lincoln wrongfully denied benefits to Plaintiff deeming him ineligible since he did not enter a treatment facility until March 4, 2016.

72) The plan does not require that a person seek medical treatment on the day that he is no longer able to work.

73) The Lincoln Plan also denied benefits for medical reasons that were unsupported in fact or be evidence of record.

74) The Lincoln Plan and its administrators acted in an arbitrary and capricious fashion to deny benefits.

75) Defendant's actions are in violation of ERISA 29 U.S.C. § 1132(a)(1)(B).

76) Plaintiff has suffered the denial of STD and LTD benefits due to the arbitrary and capricious actions of the Lincoln Plan and its Plan Administrators.

77) Plaintiff has exhausted all internal remedies which at this point are futile.

78) Defendant is still suffering from a long term disability.

79) As a result of the actions of the Defendant, Plaintiff has suffered harm.

WHEREFORE, the Plaintiff requests that this Court enter an Order for Judgment against the Defendants as follows:

a) all STD benefits payable under the Lincoln Plan;
b) all LTD benefits payable under the Lincoln Plan from the expiration of the STD plan until the date of any Order entered in this case;
c) for attorney's fees and costs;
d) for a declaration of future rights under the Lincoln LTD Plan;
e) for any other legal and equitable remedies as the court deems necessary and proper.

Respectfully submitted,

August 29, 2017                      \_\_\_\_\_KHA6685_____
Kimberly H. Ashbach
708 Abbeydale Court
Ambler, PA 19002
ID 58246
267-468-0613
267-468-0614 (fax)

Attorney for Plaintiff